[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGEMENT #119
 FACTS
The plaintiff, Scott Conlin, filed a one-count complaint against the defendants, Patrick and Jennifer Robinson, on January 29, 1996. The plaintiff alleges that on January 16, 1996, during the course of his official duties as a police officer for the town of Darien, he responded to a burglar alarm at 25 Andrews Drive, Darien. The premises are owned by the defendants. During the call, the plaintiff fell on the defendants' driveway due to CT Page 7371 snow and ice and suffered various injuries.
The defendants filed a motion for summary judgment on May 12, 1998 on the ground that the fireman's rule precludes recovery by the plaintiff for injuries allegedly suffered on January 16, 1996. A supplemental memorandum in support of the motion for summary judgment was filed on June 4, 1998. The plaintiff filed an objection to the motion for summary judgment on June 15, 1998, arguing that there are disputed issues of material fact which defeat the defendants' motion. The matter was heard by the court on June 15 1998.
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Internal quotation marks omitted.)Maffucci v. Royal Park Limited Partnership, 243 Conn. 552,554-55, ___ A.2d ___ (1998).
The plaintiff, a policeman injured in a fall while present on the defendants' premises "in the performance of a public duty under a permission created by law," occupied a status "akin to that of a licensee," to whom the defendants owed "no greater duty than that due a licensee," Furstein v. Hill, 218 Conn. 610, 615,590 A.2d 939 (1991). "`A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he CT Page 7372 fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.' 2 Restatement (Second), Torts (1965) § 342, p. 210." Furstein v. Hill, supra,218 Conn. 624-25.
There are material questions of fact concerning whether the defendants knew or had reason to know of the dangerous condition of the driveway and whether they could expect that the plaintiff would discover the dangerous condition. An additional material question of fact exists concerning whether the plaintiff knew or had reason to know of the condition of the driveway. While the defendants have argued that the plaintiff had actual knowledge of the dangerous condition based on testimony given by the plaintiff at his deposition,[1] they have not provided the court with any evidence to support this assertion. Therefore, the defendants have failed to sustain their burden of demonstrating that there are no disputed issues of material fact allowing judgment to enter as a matter of law. Accordingly, the motion for summary judgment is denied.
Nadeau, Judge